UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL W. JOHNSON, )
 )
      **Plaintiff,** )
 )
v. ) No. 3:09-1183
 ) Judge Campbell
SHERIFF GENE BOLLINGER, ET AL., )
 )
      **Defendants.** )

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Robertson County Jail in Springfield, Tennessee. He brings this action under 42 U.S.C. § 1983 against Gene Bollinger, Sheriff of Robertson County, Dr. f/n/u Mathews [*sic*] of Southern Health Partners, Inc. (Southern Health Partners), and Southern Health Partners.[1] The plaintiff seeks money damages only, alleging that the defendants violated his rights under the Eighth Amendment.

The plaintiff asserts that he had blood in his urine when he entered the Robertson County Jail on October 2, 2009. (Docket Entry No. 1, ¶ IV, p. 5 & cont. pp.) The plaintiff asserts that he was seen periodically by members of the jail medical staff until, after filing a grievance, he was seen by an unnamed/unidentified doctor at the jail on November 24, 2009. The unnamed/unidentified doctor confirmed that the plaintiff had urine in his blood, ordered an ultrasound, and referred the plaintiff to an outside urologist. According to the plaintiff, he saw the urologist on December 7, 2009, and that the urologist prescribed a narcotic medication for the pain. The plaintiff asserts that, when he returned to the Robertson County Jail, he was advised by "Nurse Susan" that he would not be permitted to have the prescribed narcotic medication, and that he would have to deal with the pain.

---

[1] The plaintiff does not specifically name Southern Health Partners as a defendant to this action. However, suing a party in his official capacity is merely another way of pleading an action against the entity of which the sued party is an agent. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Given that the plaintiff is suing Dr. Mathews in his official capacity, and given that the plaintiff seeks money damages from Southern Health Partners, Southern Health Partners is deemed to be a defendant to this action.

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The plaintiff is suing Sheriff Bollinger in his official capacity only. (Docket Entry No. 1, ¶ III.B.1, p. 4) A sheriff sued in his official capacity is deemed to be a suit against the county. *Marchese v. Lucas*, 758 F.2d 181, 189 (6th Cir. 1985)(citing *Brandon v. Holt*, 469 U.S. 464 (1985)). Since the plaintiff is, in essence, suing the County of Robertson, he must claim that the alleged violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. New York City Department of Soc. Serv's,* 436 U.S. 658, 690-91 (1978); *Doe v. Claiborne County, Tenn.,* 103 F.3d 495, 507-09 (6th Cir. 1996).

The complaint is devoid of any facts from which it may be concluded that the alleged indifference to the plaintiff's medical needs was due to any county policy, regulation, decision,

2

custom, or tolerance of a custom of such violations. Consequently, the County of Robertson has no liability under § 1983 in this action. The complaint against Sheriff Bollinger will be dismissed for failure to state a claim on which relief may be granted.

The complaint against Dr. Mathews and Southern Health Partners is not facially frivolous. The plaintiff has made a *prima facie* showing that he experienced delays in receiving medical care, and that he was denied medication that had been prescribed to relieve his pain. Therefore, process shall issue as to these two defendants.

An appropriate Order will be entered.

Todd Campbell
United States District Judge