IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL W. JOHNSON )
)
v. ) NO. 3:09-1183
)
SHERIFF GENE BOLLINGER, et al. )

TO: Honorable Todd J. Campbell, District Judge

## REPORT AND RECOMMENDATION

By Order entered December 16, 2009 (Docket Entry No. 4), the Court referred this prisoner civil rights action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to enter a scheduling order, for decisions on all pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispostiive motions, and to conduct further proceedings, if necessary, pursuant to Rule 72(b) of Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Motion for Summary Judgment filed by Defendants Kenneth Mathews and Southern Health Partners (Docket Entry No. 51). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

### I. BACKGROUND

The plaintiff is a former inmate at the Robertson County Jail ("Jail") in Springfield, Tennessee, who was being held at the Jail as a federal pre-trial detainee. He filed this action pro se and in forma pauperis while an inmate at the Jail alleging claims for monetary relief under 42 U.S.C § 1983 based on alleged violations of his civil rights.

The plaintiff asserts that he had blood in his urine when he entered the Jail on October 2, 2009, and was having pain. He contends that he was seen periodically by members of the Jail medical staff until, after filing a grievance, he was seen by a doctor at the Jail on November 24, 2009. The plaintiff alleges that the doctor confirmed that the plaintiff had urine in his blood, ordered an ultrasound, and referred the plaintiff to an outside urologist but provided him with no pain medication. According to the plaintiff, he saw the urologist on December 7, 2009, and the urologist prescribed a narcotic medication for the pain but that, when he returned to the Jail, he was advised by a nurse that he would not be permitted to have the prescribed narcotic medication, and that he "would have to deal with the pain." See Complaint, at 5.

By the Order of referral, process was issued to Dr. Kenneth Mathews and Southern Health Partners, Inc. ("Southern Health")[1] on the plaintiff's claims that he was not given adequate medical treatment at the Jail in violation of his Eighth Amendment rights. Claims against Robertson County Sheriff Gene Bollinger, who had also been named in the complaint, were dismissed for failure to state a claim upon which relief may be granted. See Docket Entry No. 4, at 2.

By Order entered February 19, 2010 (Docket Entry No. 28), the plaintiff was granted leave to amend his complaint to add a retaliation claim, and on March 4, 2010, he filed what the Court construed as his amended complaint (Docket Entry No. 32) asserting that he continued to be denied medical treatment and alleging that the denial of treatment was retaliation against him because of the instant lawsuit. See Order entered March 15, 2010 (Docket Entry No. 36). Defendants Mathews and Southern Health have filed answers to the complaint and amended complaint, see Docket Entry

---

[1] Although the plaintiff did not name Southern Health as a defendant to the action, the Court construed the complaint as asserting a claim against Southern Health since the plaintiff was pursuing official capacity claims against Defendant Mathews. See Docket Entry No. 3, at 1, n.1.

2

Nos. 19, 20, and 41, and a scheduling order (Docket Entry No. 20) was entered to facilitate pretrial activity in the action.

## II. MOTION FOR SUMMARY JUDGMENT

The defendants argue that summary judgment should be granted because the undisputed facts show that the care and treatment provided to the plaintiff was constitutionally adequate. The defendants contend that the medical records show that the plaintiff was provided with extensive medical care for his medical conditions and that the plaintiff cannot offer evidence showing that he was treated with deliberate indifference. Defendant Mathews further argues that there is no evidence showing his personal involvement in any of the alleged acts of retaliation, and Defendant Southern Health contends that there is no evidence showing that its policies or customs were the cause of any constitutional injury suffered by the plaintiff. In support of their motion, the Defendants rely upon the affidavit of: 1) Kenneth Mathews (Docket Entry No. 51-2); and 2) the affidavit of Susan Reece (Docket Entry No. 51-3) and attached medical records of the plaintiff.

The plaintiff has not filed a response in opposition to the motion. By Order entered June 2, 2010 (Docket Entry No. 53), the plaintiff was notified of the motion and given until July 2, 2010, to file a response. In reviewing the plaintiff's July 2, 2010, filing (Docket Entry No. 56), it appeared to the Court that he had not received the defendants' motion. The defendants' certificate of service on their motion indicated that they had served the plaintiff with the motion at the Robertson County Jail, where he had not been housed for over a month. See plaintiff's notice of change of address filed on April 16, 2010 (Docket Entry No. 48). Therefore, by Order entered August 9, 2010 (Docket Entry No. 58), the Court directed the defendants to re-mail a copy of their motion for summary

3

judgment, attachments, and supporting memorandum to the plaintiff at the Criminal Justice Center ("CJC"), where the plaintiff was housed at the time the defendants filed their motion, and gave the plaintiff until September 22, 2010, to file a response to the motion. By notice filed August 11, 2010 (Docket Entry No. 60), the defendants represented that they had complied with the August 9, 2010, Order.

However, the August 9, 2010, Order mailed to the plaintiff by the Clerk at the CJC was returned with the notation that the plaintiff had been released from the CJC on July 22, 2010.[2] See Docket Entry No. 61. The plaintiff has not filed a notice of his new address. By Order entered February 4, 2010 (Docket Entry No. 20), the plaintiff was advised of his responsibility to keep the Court informed of his current address and warned him that his failure to do so could result in a recommendation that the case be dismissed for his failure to prosecute and failure to comply with the Court's Order. Inasmuch as the plaintiff previously filed a notice of change of address (Docket Entry No. 48), it is clear that he was fully aware of his obligation to file a change of address.

### III. SUMMARY JUDGMENT STANDARD

Rule 56(c)(2) of the Federal Rule of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." In order to prevail on a motion for summary judgment, the

---

[2] The Court notes that the plaintiff was sentenced to a term of thirty (30) months federal imprisonment on July 9, 2010. See U.S.A. v. Michael Wayne Johnson, 3:08-cr-00245. Accordingly, the Court assumes that the plaintiff was not actually released from custody at the CJC but was transferred to the custody of the Federal Bureau of Prisons.

4

moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

The Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Chao v. Hall Holding Co., Inc., 338 F.3d 557, 566 (6th Cir. 2003); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. at 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

5

## V. THE RELEVANT LAW

A. Fourteenth Amendment Rights of a Pre-trial Detainee

Pretrial detainees have a constitutional right under the Fourteenth Amendment Due Process clause to the same protection afforded convicted prisoners who have serious medical needs. Heflin v. Stewart County, Tenn., 958 F.2d 709, 714 (6th Cir. 1992); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985). It is well settled that the analysis utilized in Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), for the Eighth Amendment claims of convicted prisoners applies to pretrial detainees who assert the denial of adequate treatment for their medical needs. Danese v. Asman, 875 F.2d 1239, 1243 (6th Cir. 1989). See also Horn v. Madison County Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994).

B. Eighth Amendment Standards for Medical Care

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

An Eighth Amendment claim for deliberate indifference has both a subjective and an objective component. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001). To satisfy the objective component the plaintiff must allege that he has a "sufficiently serious" medical need. Comstock, 273 F.3d at 703. A serious medical need is one that has been diagnosed by a physician as mandating

6

treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Blackmore v. Kalamazoo County, 390 F.3d 890, 897 (6th Cir. 2004).

For the subjective component, the plaintiff must demonstrate that the defendant had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the plaintiff's serious medical need. Farmer, 511 U.S. at 834, 114 S.Ct. 1970. Although this standard does not require a showing that the defendant acted with a purpose or intent to inflict harm, the standard is not satisfied by a showing of negligence. See Comstock, 273 F.3d at 703; Estelle, 429 U.S. at 105, 97 S.Ct. 285 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment). The plaintiff must show more than medical malpractice and negligence on the part of the defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." Comstock, 273 F.3d at 703. The plaintiff must demonstrate "deliberateness tantamount to intent to punish." Horn v. Madison County Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994) (citation omitted). See also Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.").

C. Retaliation

Prison officials cannot retaliate against a prison inmate based upon the inmate's exercise of his First Amendment rights. See Smith v. Campbell, 250 F.3d 1032, 1036-37 (6th Cir. 2001);

7

Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999). This is true even if the act complained about would not otherwise violate the Constitution absent a retaliatory motive. In order to determine whether a prisoner's allegations of retaliation rise to the level of a First Amendment claim, the Sixth Circuit Court of Appeals has set forth the following test. The plaintiff must show that: 1) he engaged in protected conduct; 2) a sufficiently serious adverse prison action was taken against him that would deter a person of "ordinary firmness" from continuing to engage in the protected conduct; and 3) there is a causal connection between the first two elements –- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. Thaddeus-X, 175 F.3d at 394.

The plaintiff has the burden of proof on all three elements. Murray v. Unknown Evert, 84 Fed.Appx. 553, 556, 2003 WL 22976618 (6th Cir. Dec. 8, 2003). Conclusory allegations of a retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial. See Murray, supra. To show a retaliatory motive, the plaintiff must show that the exercise of the protected right was a substantial or motivating factor in the the defendant's alleged retaliatory conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

## VI. LEGAL CONCLUSIONS

A. Medical Care Claim

After review of the evidence before the Court and the entire record in the action, the Court finds that summary judgment should be granted to the defendants. While the evidence shows that the plaintiff suffered from medical needs while at the Jail which were serious enough to satisfy the objective component of his claim, there is insufficient evidence before the Court raising a genuine

8

issue of material fact on the issue of deliberate indifference on the part of the defendants. No reasonable jury could find in favor of the plaintiff if this action were to proceed to trial.

The Affidavit of Defendant Mathews (Docket Entry No. 51-2) and the plaintiff's medical records (attachments to Docket Entry No. 51-3) clearly show that the plaintiff was not ignored and was in fact regularly treated for his medical conditions during his approximately seven months at the Jail between October 2009, and April 2010. He was repeatedly seen by medical care providers in response to his complaints, was examined by Defendant Mathews on several occasions, was provided with multiple prescribed and over-the-counter medications, underwent various forms of diagnostic testing including urinalysis, an x-ray, a CT scan, and a cystourethrossopy, had an ultrasound ordered which he refused, and was referred to and seen by an outside specialist on several occasions.

The evidence as set out above is undisputed and shows that the plaintiff received constitutionally adequate medical treatment. His complaints essentially amount to displeasure with the manner or adequacy of the course of treatment he received at the Jail. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law, Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). Although the care the plaintiff received at the Jail may not have been as prompt, thorough, or far-reaching as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment." McMahon v. Beard, 583 F.2d

9

172, 174 (5th Cir. 1978); Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982). The facts before the Court simply do not support a claim that the medical care rendered to the plaintiff at the Jail was so deficient that it amounted to cruel and unusual punishment in violation of the Eighth Amendment.

B. Retaliation

The plaintiff's amended complaint sets out a litany of complaints about the provision of health care at the Jail including delayed medications, delayed appointments, having to go through new or different procedures for receiving medications and for sick call, and being disciplined for having medications in his cell. See Docket Entry No. 32.

Summary judgment should be granted on this claim. The plaintiff's allegations simply fail to support a constitutional claim of retaliation. First and foremost, his complaints fail to satisfy the sufficiently serious adverse action requirement of a retaliation claim. The events he complains about are merely regular occurrences in the provision of medical care at the Jail and do not evidence serious, adverse events. Further, there is no evidence of a causal connection between the events about which he complains and his filing of the instant lawsuit and no evidence showing the personal involvement of Defendant Mathews in any of these events.

C. Liability of Southern Health

Because the Court finds no evidence supporting the underlying constitutional claims made by the plaintiff, there is necessarily no basis for a claim that a policy or custom of Southern Health caused the alleged constitutional injuries and that Southern Health can be deemed liable under the standards of Monell v. Dep't of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611

10

(1978), and City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). However, even if the plaintiff had set forth evidence supporting his underlying constitutional claims, he has not set forth any evidence showing that this constitutional wrongdoing occurred because of a policy or regulation of Southern Health.

### RECOMMENDATION

The Court respectfully RECOMMENDS that the Motion for Summary Judgment filed by Defendants Kenneth Mathews and Southern Health Partners, Inc. (Docket Entry No. 51) be GRANTED and this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        _/s/ Juliet Griffin_
        JULIET GRIFFIN
        United States Magistrate Judge